Weldon, J.,
delivered tbe opinion of tbe court:
On tbe 13tb of April, 1896, tbis case was decided against tbe claimant in tbe following conclusion: “Tbe depredation is not satisfactorily established and comes within tbe case of Stone v. The United States (29 C. Cls. R., 111). Petition dismissed.’7
On tbe 24th of April tbe counsel for claimant filed tbe following motion:
“Now comes tbe claimant in tbe above-entitled cause, by Silas Hare, bis attorney, and moves tbe court for a new trial or rehearing in tbis cause for the following reasons:
“1st. The court erred in dismissing this case on an issue not made in tbe pleadings.
“2d. Tbe defense, by not controverting tbe sufficiency of tbe evidence, thereby admitted its sufficiency.
. “ 3d. The decision was for a cause that operates as a surprise, and which, under tbe defense made, be could not anticipate.
“4th. Claimant can, if be is afforded an opportunity, introduce additional and corroborative evidence.
“5th. Claimant asks for a rehearing, and that tbis cause be remanded to tbe general docket to take additional evidence.”
As to tbe first point made by counsel, it is sufficient to say, that tbe general traverse which is presumed to be filed puts in issue every material allegation of tbe petition and casts upon tbe claimant tbe burden of proof. At common law tbe defendant may file a special or general traverse in order to controvert tbe plaintiff’s right of recovery. If a special traverse is filed, tbe plaintiff' is only required to prove tbe allegations of the declaration denied by tbe traverse, but if a general traverse is pleaded be is compelled to prove every material allegation of tbe declaration in order to recover.
Under the Indian Depredation Act, March 3, 1891 (1 Supp. R. S., 2d ed., p. 913), it is made tbe duty of tbe Attorney-General to appear and defend tbe interest of tbe United States, by filing a plea, answer, or demurrer, and to file a notice of any counterclaim, set-off, claim of damages, demand, or defense whatsoever of tbe Government or tbe Indians in tbe premises; and if the Attorney-General fails to file a plea, answer, or demurrer, the claimant shall not have a judgment, but shall establish bis claim to tbe satisfaction of tbe court. Tbe clearly expressed purpose of tbe statute is, that’no default shall be taken against the defendants for want of a proper plea; but *306 that the claimant shall establish his claim by satisfactory testimony.
The issue, as to whether the depredation was committed as alleged in the petition is. made by operation of the statute in requiring the claimant to prove his case to the satisfaction of the court, although the general traverse was not in fact filed. The law makes an issue, by its requirement as to the sufficiency of the proof, without regard to the condition of the pleading in the record.
The alleged depredation in this proceeding was committed on or about the 15th day of August, 1865, and the claim never presented to any department of the Government for allowance.
The act of March 3,1891, under which the suit is pending, provides that no claim accruing before the first day of July, 1865, shall be considered by the court, unless it be allowed or pending before the passage of the act in some department or before some officer authorized by law to entertain jurisdiction of the claim. It will be seen by the date of the depredation that it was within a v.ery short period of the limitation which would have barred the jurisdiction of this court. The fact that no presentation had been made of the claim, and that the only testimony in the record is the unsupported deposition of claimant, brought the case, as the court considered, within the law as announced in the Stone Case.
As to the second and third points made in the’ motion of claimant, that “The defense, by not controverting the sufficiency of the evidence, thereby admitted its sufficiency,” and that“ The decision was for a cause that operates as a surprise, and which under the defense made he could not anticipate.”
The brief of the defendants did not directly contradict the allegations of the petition except as to the particular Indians, amity, value, and amount of recovery. It was insisted the value claimed was in excess of the justification of the proof, without taking direct issue upon the question as to whether the claimant had suffered a loss. It may be said that in the brief of the defendants there is an implied admission that a depredation had been committed by Indians upon the property of the claimant.
The question presented by the facts in this case is, whether there is a sufficient showing on the part of the claimant to justify the court in granting a new trial of the cause. New trials are not to be granted in the mere exercise of the discre *307 tion of tbe court, but must be in tbe exercise of that legal and judicial discretion which is regulated by law and the just rights of tbe parties as defined by law. As said in the Calhoun Case (14 C. Cls. R., 193), “Motions for new trial when made by claimants must be grounded on reasons which are good at common law or in chancery.”
The court has held in proceedings under tbe Bowman Act, that the strict rules of the common law are applicable as to newly discovered evidence in motions for new trial. (Nance, adm’r, 23 id., 463.)
Courts will not permit parties to experiment in tbe submission and trial of causes in tbe hope, that if the decision is against them they can successfully seek a remedy through the medium of a motion for a new trial. It would be a most dangerous precedent to establish, that cases may for slight reason unsubstantial in law be retired, giving the unsuccessful party the advantage of two trials.
When causes are submitted for judicial determination the presumption is that tbe parties have submitted all tbe known testimony, and if any is omitted, it must be shown to tbe satisfaction of tbe court that the omission is not tbe fault of the party, but his misfortune in not knowing of the existence of the testimony.
This case, however, is peculiar in its conditions. The claimant may have been misled by tbe brief of tbe defendants in not directly controverting tbe question as to whether depredation bad been committed on tbe property of tbe claimant, and upon tbe theory that it was only a question of amount, be submitted tbe case. Under all tbe facts and circumstances of tbe case, itjs the opinion of the court that the claimant should have an opportunity to retry his case upon such testimony as he may be able to produce, and tbe motion is therefore allowed.